UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

ISAURA TACKTUCK,

                         Plaintiff,

       -against-

THE CITY OF NEW YORK, a municipal entity;
NEW YORK CITY POLICE OFFICER YESENIA
VELAZQUEZ (Shield # 08474) in her individual
and official capacity and "JOHN and/or JANE
DOES" Nos. 1, 2, 3, etc. (whose identity are
unknown but who are known to be personnel of the
New York City Police Department), all of whom are
sued individually and in their official capacities,

                      Defendants.
------------------------------------------------------------------- X

No. 16-CV-5797


**COMPLAINT**


**JURY TRIAL**

        Plaintiff ISAURA TACKTUCK ("PLAINTIFF"), by her attorneys, Beldock Levine &

Hoffman LLP, as and for her complaint against the defendants named above allege as follows:


**PRELIMINARY STATEMENT**

        1.      This civil rights action seeks redress under 42 U.S.C. § 1983 for injuries

PLAINTIFF sustained from the unconstitutional conduct of defendants THE CITY OF NEW

YORK and New York City Police Department police officers YESENIA VELAZQUEZ and

"JOHN and/or JANE DOES" Nos. 1, 2, 3, etc.

        2.      On July 20, 2013, PLAINTIFF was attempting to park her car near her home in

Bronx, New York, when she was approached by defendant police officer YESENIA

VELAZQUEZ, who without cause assaulted PLAINTIFF by hitting her, pulling her hair, and

ripping off her shirt.  Without any reasonable suspicion or probable cause to believe that

PLAINTIFF had engaged in illegal activity, Officer VELAZQUEZ arrested PLAINTIFF and

baselessly charged her with Assault with Intent to Cause Physical Injury and several other criminal charges.

3.      PLAINTIFF seeks (i) compensatory damages for loss of liberty, physical injury, psychological and emotional distress, and other injuries caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; (iii) costs and attorneys' fees; (iv) and such other and further relief as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (a)(4), as this action seeks redress for the violation of PLAINTIFF's constitutional and civil rights.

## VENUE

5.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to PLAINTIFF'S claims took place.

## JURY DEMAND

6.      PLAINTIFF demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

7.      Plaintiff ISAURA TACKTUCK is a citizen of the United States, who is presently a resident of Westchester County, Yonkers, New York.  At all times relevant to this complaint PLAINTIFF was a resident of Bronx County, City and State of New York.

2

8.     Defendant THE CITY OF NEW YORK ("CITY") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers.

9.     Defendant Police Officer YESENIA VELAZQUEZ ("VELAZQUEZ") (Shield # 08474) and "JOHN and/or JANE DOES" Nos. 1, 2, 3, etc. ("DOES"), are NYPD police officers who unlawfully assaulted, detained, searched, frisked, and arrested PLAINTIFF without suspicion of any illegal activity, lodged false criminal charges against her, and caused her to be maliciously prosecuted.

10.     At all times relevant herein, defendants VELAZQUEZ and DOES were NYPD Police Officers.

11.     Upon information and belief, defendants VELAZQUEZ and DOES are still NYPD Police Officers.

12.     At all times relevant herein, defendant police officers VELAZQUEZ and DOES acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the CITY and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the CITY and/or the NYPD.

13.     At all times relevant herein, defendant police officers VELAZQUEZ and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution of which reasonable police officers in their circumstances would have known.

## STATEMENT OF FACTS

14.    On the night of July 20, 2013, PLAINTIFF drove her mother back to her apartment in the South Bronx, New York City, New York.

15.    PLAINTIFF was unable to find a parking spot near her apartment due to a large concert being held at Yankee Stadium nearby.

16.    Numerous vehicles and people on foot crowded the streets.

17.    PLAINTIFF asked an NYPD officer for permission to double-park her car in front of her apartment so that she and her mother could use the restroom in her apartment and so her mother would not have to walk a long distance.

18.    The officer granted this request.

19.    After using the restroom, PLAINTIFF and her mother returned to her double-parked car.

20.    They continued to drive around the block and attempted to find parking to no avail.

21.    At some point, PLAINTIFF's mother thought she saw a parked car leave and instructed PLAINTIFF to stay in the car while she went to see if a parking space had, in fact, opened-up.

22.    After her mother walked away from the car, PLAINTIFF was approached by Officer VELAZQUEZ.

23.    Officer VELAZQUEZ ordered PLAINTIFF to move her car.

24.    PLAINTIFF told Officer VELAZQUEZ that she lived on the block, that she was attempting to find parking, and that she was waiting for her mother to return and tell her if a parking spot had opened up nearby.

4

25.     Officer VELAZQUEZ again ordered PLAINTIFF to move and walked up to a car double-parked just in front of PLAINTIFF.

26.     As PLAINTIFF was preparing to move her vehicle, she saw Officer VELAZQUEZ look at the front of her car and act as if she was beginning to write a ticket.

27.     With her vehicle still at rest, PLAINTIFF asked Officer VELAZQUEZ if she was giving her a ticket.

28.     Officer VELAZQUEZ yelled, "You fucking bitch, you ran over my foot!"

29.     PLAINTIFF did not understand what Officer VELAZQUEZ was saying and asked for clarification.

30.     Officer VELAZQUEZ again yelled, "You fucking bitch, you ran over my foot!"

31.     PLAINTIFF still did not understand why Officer VELAZQUEZ was yelling.

32.     PLAINTIFF had not perceived her car move; nor had she perceived her car hit anything.

33.     Officer VELAZQUEZ stormed over to the driver's side window of PLAINTIFF's car yelling obscenities.

34.     Officer VELAZQUEZ reached in through the driver's side window, grabbed and pulled PLAINTIFF by her hair with one hand, and attempted to strike PLAINTIFF in the face with her other hand.

35.     PLAINTIFF put her hands in front of her face to block Officer VELAZQUEZ's blows.

36.     Officer VELAZQUEZ grabbed PLAINTIFF's arms and tried to pull her out of the car window.

37.     Officer VELAZQUEZ was unable to pull PLAINTIFF out of the car window because PLAINTIFF's seatbelt was still fastened.

38.     Officer VELAZQUEZ then opened the driver's side door of PLAINTIFF's car, grabbed PLAINTIFF's arm, and continued to attempt to pull PLAINTIFF out of her car.

39.     Officer VELAZQUEZ eventually ordered PLAINTIFF to take off her seatbelt.

40.     PLAINTIFF unfastened her seat belt.

41.     Officer VELAZQUEZ yanked PLAINTIFF out of her car, spun her around, and slammed her face forward into the side of her car.

42.     Officer VELAZQUEZ then grabbed PLAINTIFF's shirt and ripped it off, exposing PLAINTIFF's bra, chest, and torso.

43.     Officer VELAZQUEZ then grabbed PLAINTIFF's shorts and attempted to tear them apart.

44.     PLAINTIFF's mother returned, and witnessed Officer VELAZQUEZ ripping her daughter's clothes.

45.     PLAINTIFF's mother asked Officer VELAZQUEZ why she was attacking her daughter.

46.     Officer VELAZQUEZ did not respond to PLAINTIFF's mother.

47.     The stress of witnessing Officer VELAZQUEZ assaulting PLAINTIFF caused PLAINTIFF's mother to faint.

48.     Other officers arrived at the scene.

49.     PLAINTIFF, who was still face forward on her car, was humiliated, being in her neighborhood with her bra, chest, and torso exposed and her shorts ripped.

50.     Officer DOE then placed PLAINTIFF in handcuffs.

51.     At no point did PLAINTIFF attempt to physically resist her arrest.

52.     PLAINTIFF did not attempt to make physical contact with any of the officers involved and did not make any verbal threats during her arrest.

53.     PLAINTIFF was in tears from being violently attacked and arrested for no reason.

54.     PLAINTIFF was suffering physical pain as a result of Officer VELAZQUEZ's assault.

55.     PLAINTIFF asked the police officers why Officer VELAZQUEZ had attacked her and why she was being arrested.

56.     The police officers did not provide a meaningful response to PLAINTIFF.

57.     The officers placed PLAINTIFF into a police van and drove her to the 41st Precinct, where she was processed.

58.     At approximately 3 a.m., PLAINTIFF was transferred from the 41st Precinct to Bronx Central Booking.

59.     PLAINTIFF was further processed at Bronx Central Booking.

60.     PLAINTIFF was ultimately arraigned on Sunday afternoon.

61.     At her arraignment, PLAINTIFF was charged with Assault With Intent to Cause Physical Injury With a Weapon; two counts of Assault With Intent to Cause Physical Injury; Reckless Endangerment (2nd Degree); Assault (2nd Degree); Assault With Intent to Cause Physical Injury; Menacing (2nd Degree); Obstructing Governmental Administration (2nd Degree); Harassment (2nd Degree); and Criminal Possession of a Weapon (4th Degree).

62.     These charges were based upon the false statements of Officer VELAZQUEZ.

63.     At no point during her interaction with Officer VELAZQUEZ did PLAINTIFF commit any unlawful act.

64.     PLAINTIFF was released on her own recognizance at approximately 1:00 p.m. on July 21, 2013.

65.     Two days after her arraignment, PLAINTIFF discovered someone had scratched the word "Bitch" into the driver's side door of her car.

66.     In a separate incident, approximately three days after her arraignment, PLAINTIFF discovered that her front driver's side tire had been slashed.

67.     Approximately one week after her arraignment, PLAINTIFF discovered that her rear driver's side tire had been slashed.

68.     Since her arraignment, PLAINTIFF has been compelled to return to Bronx County Criminal Court approximately thirty (30) times to defend herself against Officer VELAZQUEZ's false criminal charges.

69.     The criminal charges against PLAINTIFF are presently still pending.

70.     Defendants' conduct caused PLAINTIFF to suffer loss of liberty, physical pain and injury, emotional and psychological pain and suffering, embarrassment, humiliation, harm to her reputation, and deprived her of her constitutional rights.

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights
### (*Against the Individual Defendants*)

71.     PLAINTIFF realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

72.     In committing the acts and omissions complained of herein, defendants acted under color of state law to deprive PLAINTIFF of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

a. freedom from unreasonable search and seizure of her person and property;

b. freedom from arrest without probable cause;

c. freedom from use of excessive force;

d. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion or legal justification, of which wrongful detention PLAINTIFF was aware and did not consent;

e. freedom from the lodging of false charges against her by police officers and prosecutors, including on information and belief, by some or all of the individual defendants;

f. freedom from malicious prosecution by police officers and prosecutors, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in PLAINTIFF's favor; and

g. freedom from deprivation of liberty without due process of law.

73. In committing the acts and omissions complained of herein, defendants VELAZQUEZ and DOES breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

74. As a direct and proximate result of defendant NYPD police officers VELAZQUEZ's and DOES' deprivation of PLAINTIFF's constitutional rights, PLAINTIFF suffered the injuries and damages set forth above.

75. The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

### SECOND CAUSE OF ACTION
**Liability of the City of New York For Constitutional Violations**
(*Against the City of New York*)

76. PLAINTIFF realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

77.     The unconstitutional conduct of defendants VELAZQUEZ and DOES was directly and proximately caused by policies, practices, and or customs devised, implemented, enforced, condoned, encouraged, and sanctioned by the CITY.

78.     Upon information and belief, the unlawful types of arrest and prosecution seen in this case are regularly recurring in the Bronx, and particularly in the confines of the 41st Precinct, which circumstances are known to, or should be known to, NYPD supervisors and commanders.

79.     These customs, policies and practices result from inadequate training of police officers, improper written policies and training protocols  of the NYPD, insufficient supervision of NYPD police officers, and a failure to discipline officers who have conducted unlawful stops and/or arrests.

80.     The NYPD's unlawful customs, policies, and practices have caused a large number of Bronx residents, including PLAINTIFF, to be regularly arrested and charged without any reasonable suspicion or probable cause to believe they had engaged in criminal conduct.

81.     At all relevant times, the CITY, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of stopping and arresting people in the Bronx without the reasonable, articulable suspicion of criminality required by the Fourth Amendment, and, in particular, has displayed deliberate indifference toward this widespread practice of unconstitutional stops and arrests in the Bronx.

82.     By displaying deliberate indifference toward a widespread practice of unconstitutional stops and arrests in the Bronx and by the above-mentioned failures, the CITY

has caused PLAINTIFF to be subjected to the violations of her constitutional rights alleged herein.

83.     As a result of the foregoing, PLAINTIFF suffered the injuries and damages alleged herein.

## DEMAND FOR RELIEF

**WHEREFORE**, PLAINTIFF demands the following relief against the defendants, jointly and severally:

(a)  compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)  punitive damages from defendant NYPD police officers VELAZQUEZ and DOES to the extent allowable by law;

(c)  attorneys' fees;

(d)  the costs and disbursements of this action;

(e)  interest; and

(f)  such other and further relief as this Court deems just and proper.

Dated: New York, New York          BELDOCK LEVINE & HOFFMAN LLP
       July 20, 2016               99 Park Avenue, Suite 2600
                                   New York, New York 10016
                                   (212) 490-0400


                                     /s/ Marc A. Cannan _____
                                   Marc A. Cannan (MC0513)
                                   *Attorneys for Plaintiff*